IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 21, 2018 Session

## CRYSTAL HERPST v. PARKRIDGE MEDICAL CENTER, INC. ET AL.

Appeal from the Circuit Court for Hamilton County
No. 15C1351  Ward Jeffrey Hollingsworth, Judge

_____

No. E2017-00419-COA-R3-CV

_____


W. NEAL MCBRAYER, J., concurring.

I concur in the majority's conclusion that it was unnecessary for the trial court to treat the motions of LeAnthony A. Hardy, M.D., Parkridge Medical Center, Inc. Chattanooga Diagnostic Associates, LLC, and Columbia Medical Group-Parkridge, Inc. to dismiss as motions for summary judgment. But I reach that conclusion without resort to the pleadings filed in another case. Examining the allegations of the complaint filed in this action only, Crystal Herpst filed outside the applicable statute of limitations. So on the basis of the pleadings filed in this case I would affirm the dismissal of the complaint.

The complaint filed by Ms. Herpst contains all the information necessary to determine that her action was untimely. As the majority explains, the factual allegations made by Ms. Herpst demonstrate that she had constructive notice of her medical malpractice claim by July 3, 2013. Ms. Herpst filed suit on November 13, 2015, well outside of the one-year statute of limitations provided for under Tennessee Code Annotated § 29-26-116(a) (2012).

In response to the motions to dismiss, Ms. Herpst raised the issue of the saving statute, Tennessee Code Annotated § 28-1-105(a) (2017). But to determine that the saving statute does not apply one must look no further than the complaint filed in this action. The complaint alleges that Ms. Herpst "originally filed suit for damages on November 6, 2014, Herpst vs. Parkridge Medical Center, Inc. et al, Circuit Court, Hamilton County, TN No. 14C1329, which case was voluntarily non-suited on January 12, 2015."[1]

_____

[1] Apparently, Ms. Herpst anticipated the assertion of the statute of limitations by the defendants. Ordinarily, the burden of producing evidence that the saving statute applies falls on the plaintiff when the statute of limitations is asserted as a bar to the action. *Knox Cty. v. Moncier*, 455 S.W.2d 153, 158 (Tenn.

Because the complaint filed by Ms. Herpst in this action contains all the information needed to resolve the motions to dismiss, I find it unnecessary to reach the issue of whether the complaint filed by Ms. Herpst in the original suit was "outside of the pleadings." *See* Tenn. R. Civ. P. 12.02. Thus, I do not join in part III of the opinion.

_____
W. NEAL McBRAYER, JUDGE

---

1970) (opinion on petition to rehear). But, when in anticipation of the defense, the plaintiff alleges facts "which would bring his cause of action within the saving statute, and these facts are not specifically denied by the defendant, he is then relieved from the statutory bar and need not produce any proof pertaining thereto." *Id*.